[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff applying for a reassessment of damages for the taking by the defendant of a portion of the plaintiff's property, the plaintiff claiming that the damages assessed are inadequate. The court had the benefit of appraisal reports and testimony from expert appraisers who expressed their opinions as to value.
The City has taken by condemnation a piece or parcel of land at the rear 300 Main Street, New Britain as described in Exhibit A of the plaintiff's Appeal and Application for Review, together with passway rights for ingress and egress, also as described in said Exhibit A. It has assessed damages in the sum of $140,000, which has been paid. The date of the taking is November 28, 1989.
The plaintiff's property at 300 Main Street is located in the Downtown Business District of New Britain. It is in the main a five-story building with full basement standing on the westerly side of Main Street. Columbus Boulevard is located to the rear of the premises and access to it is available through the plaintiff's parking lot in the rear. Immediately to the north lies the New Britain City Hall. The first two floors of the plaintiff's main building have in the past been used as a garment-producing operation. The front portion of the first floor is rented out to a number of retail stores. The space formerly used for the garment production has not been used for some time. The parking area behind the building — now the subject of this taking — was used for parking and produced a rental income. Also in the rear of the building is a shipping dock accessible to trucks through the parking lot from Columbus Boulevard. Until some years prior to the taking the building had, to some degree, been devoted to use as a department store. The upper floors had been converted into 42 efficiency apartments which have been productive of rental income. Sixteen of the apartments were unrented on the date of taking. As a result of the taking, the plaintiff claims the loss of the rear parcel consisting of 9583 square feet, easement rights, frontage on Columbus Boulevard, loss of the ability to establish such industrial or commercial uses as would require rear deliveries and pickups, loss of use of the loading dock, loss of income from the parking lot, reduced marketability of the apartments due to inability to offer off-street parking, interference with other functions which had been carried on in the past: For example, deliveries must now be made by way of the front entrance on Main Street which would hamper the use of the building, particularly the lower floors.
Prior to the taking a business corporation was interested in renting the lower floors and basement for warehouse purposes. They would have required parking spaces CT Page 10160 and the loading dock facility. In order to provide this the plaintiffs would require a variance of the zoning ordinance.
In the past (1981) the Zoning Board of Appeals of New Britain granted a variance to use the basement and a portion of the ground level floor to house a garment-assembly operation. If the plaintiffs should desire to rent out the lower areas for warehouse purposes, a zoning variance would be required. At the present time the zoning ordinances are in the process of being redrafted, a circumstance which adds to the uncertainty as to this aspect of the case. Whether or not a warehouse activity would be permitted under the new zoning ordinances now under consideration is a factor that would affect a buyer's estimation of market value. The testimony given by the City Planner was to the effect that warehouse activity would not be permitted under the proposed zoning regulations. The probability or otherwise of the granting of a variance and other effects of zoning regulations are matters that may be considered in assessing damages. See 9 A.L.R.3d p. 296; Talarico v. Conkling, 168 Conn. 194, 201. Suffice it to say in this case that, insofar as warehousing is concerned, there would be some doubt in the mind of a potential buyer. This is a proper element to consider because all possibilities that would affect market value are relevant. Alemany v. Commissioner of Transportation, 215 Conn. 437, 445. In spite of the Town Planner's opinion, it would appear that a warehouse operation would not necessarily be more offensive to zoning than a garment-assembly operation.
The defendant has introduced evidence to the effect that the City is presently contemplating a plan whereby access from Columbus Boulevard to the rear of 300 Main Street will be available. This project is still in the concept stage and has not as yet been put into effect. This plan is not certain of being put in place.
The testimony given by the plaintiffs' appraiser was considered to be more persuasive than that produced by the defendant's counter-availing evidence.
The plaintiff's expert gave the following opinion as to the values as of November 28, 1989:
Before Taking: $1,700,000
 After Taking: 1,150,000 __________ Damages: $ 550,000
One of the defendant's experts gave the following CT Page 10161 opinion as to values as of February 15, 1989:
Before Taking: $1,000,000
 After Taking: 900,000 __________ Damages: $ 100,000
The two appraisers produced by the defendant were themselves in disagreement as to the method of appraisal. For example, one of them, but not the other, felt that there was no severance damage to the main building. Their opinions were in some measure not accepted.
During the trial the parties stipulated on the record that the defendant City would correct and revise its boundary description of the taking area. An order is hereby entered requiring that the stipulation be complied with.
Ultimately the referee's determination of the value of the property depends upon his considered judgment, taking into consideration the divergent views expressed by the witnesses and the claims of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. He may reach his own conclusions as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Wronoski v. Redevelopment Agency, 180 Conn. 579,596.
Based upon my viewing of the property, and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff as a result of the taking were $410,000.
Judgment may enter for the plaintiff for the further sum of $270,000 in addition to the $140,000 already paid, together with interest on said further sum of $270,000 at the rate of 10% from the date of taking to the date of judgment, together with costs and an allowance of $3500 as an appraiser's fee.
JOHN M. ALEXANDER STATE TRIAL REFEREE